IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

**JAMES WILLIAMS,** individually and on behalf of all other similarly situated,

*Plaintiff,*

*v.*

**PEREZ TIRE CENTER LLC**, a Connecticut company,

*Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

Plaintiff James Williams ("Plaintiff Williams" or "Williams") brings this Class Action Complaint and Demand for Jury Trial against Defendant Perez Tire Center LLC ("Defendant" or "Perez Tire Center") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Williams alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Williams is a resident of Bridgeport, Connecticut.

2. Defendant Perez Tire Center is a Connecticut registered company located in Stratford, Connecticut. Defendant Perez Tire Center conducts business throughout this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since the Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from the Defendant from this District and into this District where the Plaintiff resides.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 3.9 billion robocalls were placed in January 2026 alone, at a rate of 125.2 million per day. www.robocallindex.com (last visited February 16, 2026).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Perez Tire Center is a tire and wheel dealer/service center that does business throughout Connecticut.[3]

14. Defendant Perez Tire Center sends text messages to advertise and solicit its tire and vehicle services.

15. Perez Tire Center references its texting platform on its website, showing that marketing communications are sent using LeadVenture, a vehicle dealer platform:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.pereztirecenter.com/About

**Opt-Out & Unsubscribe**

We respect your privacy and give you an opportunity to opt-out of receiving announcements of certain information at any time. Users may opt-out of receiving marketing communications from us by contacting us via email at at privacy@leadventure.com. Users may also unsubscribe from newsletters by using the unsubscribe link at the bottom of the newsletter. Universal Opt-Out Mechanisms will be honored to opt you out of the collection of your Personal Information for targeted advertising purposes. Alternatively, if you wish to opt-out of the use of your Personal Information for targeted advertising purposes, you may update your preferences by visiting the "Your Privacy Choices" link in the website footer.

**SMS Texting Services**

The information you consent to share in relation to our SMS texting service may be used to send you text notifications, conversational texts related to your inquiry, marketing messages, and requests for reviews. No mobile information will be shared with third parties or affiliates for marketing or promotional purposes. Message frequency varies per user. Message and data rates may apply. Text HELP for help. Text STOP to unsubscribe. Carriers are not liable for delayed or undelivered messages. [4]

16. LeadVenture provides a text platform to its users, like Perez Tire Center:

**LEAD MANAGEMENT TOOLS**

- Easily sift through online leads and prioritize ready buyers based on their specific interests, and activity level.
- Drive better customer engagement and simplify the process of managing appointments and processing payments with a dynamic texting tool.
- Leverage our in-product lead management or take advantage of dozens of pre-built CRM integrations. [5]

17. Upon information and belief, Defendant Perez Tire Center used LeadVenture's text messaging platform to send the unsolicited text messages described herein.

18. Defendant Perez Tire Center sends telemarketing text messages to consumer phone numbers that are registered on the DNC, as per Plaintiff's experience.

19. In response to these text messages, Plaintiff Williams brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

[4] https://www.pereztirecenter.com/privacy
[5] https://www.leadventure.com/dealer-solutions/digital-storefronts/

## PLAINTIFF WILLIAMS' ALLEGATIONS

20. Plaintiff Williams is the sole owner and exclusive user of his cell phone number ending in 18591.

21. Plaintiff Williams registered his cell phone number on the DNC on June 27, 2022.

22. Plaintiff Williams uses his cell phone number for personal use only as one would use a landline telephone number in a home.

23. Plaintiff Williams uses his cell phone number primarily to communicate with friends and family. It is also used to schedule personal appointments and for his other household needs.

24. Plaintiff Williams pays for his cell phone plan. It is not reimbursed by a business.

25. Plaintiff Williams has never listed his cell phone number publicly as a business contact number.

26. On October 18, 2025 at 3:45 PM, Plaintiff Williams received an unsolicited text message to his cell phone from 475-731-7045:




27. 475-731-7045 is owned/operated by Benjamin Perez Jr., the owner of Perez Tire Center.[6] [7]

28. On December 22, 2025 at 6:01 PM, Plaintiff Williams received another unsolicited text message to his cell phone that included both text and a video promoting Defendant's tire and vehicle services:

[6] https://www.whitepages.com/phone/1-475-731-7045
[7] https://www.yelp.com/biz/perez-tire-center-stratford







29. In response to the text message, Plaintiff Williams texted “Stop” to 475-731-7045 at 6:01 PM on December 22, 2025, as per the screenshot above.

30. Plaintiff Williams has never done business with Perez Tire Center or consented to be contacted by them.

31. The text messages were commercial solicitations sent for the purpose of encouraging Plaintiff to visit Defendant's business and purchase tire and vehicle services, as evidenced by the inclusion of Defendant's address, phone number, and promotional messaging about available financing.

32. The text messages constitute "telephone solicitations" under 47 C.F.R. § 64.1200(f)(14) because they were sent to encourage the purchase or rental of, or investment in, property, goods, or services—specifically, tire and vehicle services offered by Defendant Perez Tire Center.

33. Plaintiff Williams attempted to resolve this matter through voluntary mediation facilitated by the Connecticut Attorney General to hold Perez Tire Center liable for the unsolicited text messages, but the Attorney General's office was unable to get Perez Tire Center to respond to its letters and calls.

34. The unauthorized solicitation text messages that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Williams in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

35. Seeking redress for these injuries, Plaintiff Williams, on behalf of himself and the Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

36. Plaintiff Williams brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Perez Tire Center texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) to solicit or advertise Defendant's tire, wheel, or vehicle-related services.

37. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's

attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Williams anticipates the need to amend the Class definitions following appropriate discovery.

38. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Perez Tire Center placed multiple text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call and/or text message;

(b) whether the text messages constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiff Williams will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Williams has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Williams and his counsel are committed to vigorously

prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Williams nor his counsel have any interest adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Williams. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Williams and the Do Not Call Registry Class)**

42. Plaintiff repeats and realleges paragraphs 1-41 of this Complaint and incorporates them by reference herein.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

45. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Williams and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

46. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Williams and the Do Not Call Registry Class received more than one text message in a 12-month period sent by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

47. As a result of Defendant's conduct as alleged herein, Plaintiff Williams and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

48. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Williams requests a jury trial.

**JAMES WILLIAMS**, individually and on behalf of all others similarly situated,

DATED this 19th day of February, 2026.

By: */s/ Jason R. J. Campbell*
Jason R. J. Campbell, Esq.
Charlestown Law Group
The Schrafft's Center Power House
529 Main Street, Suite P200
Charlestown, MA 02129
(617) 872-8652
jasonrcampbell@ymail.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.

237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*